**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO TEYSSIER SILVA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2447 <br><br> Agency No. <br> A095-698-310 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024[**]
Pasadena, California

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER, District
Judge.[***]

Jose Antonio Teyssier Silva ("Teyssier Silva"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

affirming an immigration judge's ("IJ") denial of his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's conclusion that a petitioner is ineligible for withholding of removal or CAT protection for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition.

Teyssier Silva alleges that the Sapos, a criminal gang in Mexico, kidnapped him and robbed, assaulted, and murdered members of his family. Teyssier Silva claims persecution because of his membership in the following particular social groups: (1) Silva family who fled to the United States, (2) Silva family who openly opposed the Sapos' gang control, and (3) individuals who returned to Mexico after living in the United States. Teyssier Silva also asserts that the Sapos persecuted him because of his "anti-gang political opinion" and that he has a reasonable fear of torture upon his return to Mexico. The BIA denied Teyssier Silva's withholding claim because he failed to establish a nexus between the Sapos' crimes and his group membership or political opinion and denied his CAT claim because he failed to show government acquiescence and because he could safely relocate within Mexico.

1.      Substantial evidence supports the BIA's determination that Teyssier Silva is ineligible for withholding of removal because he failed to establish a nexus between a protected ground and a reasonable fear of persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (holding that applicants must

prove a "causal nexus" between a protected ground and either "past harm or [an] objectively tenable fear of future harm" to be eligible for withholding of removal).

There is no evidence that the crimes Teyssier Silva experienced were motivated by animus towards his asserted social groups or his "anti-gang political opinion." Teyssier Silva's testimony confirms the IJ's finding that the Sapos' crimes were motivated solely by financial gain. He testified that he was kidnapped to extort his family, that his mother was robbed because the Sapos believed she had money, and that his grandfather was murdered because he had recently sold his home. General conditions of violence or crimes motivated solely by financial gain do not have a nexus to a protected ground. *See e.g.*, *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, the BIA's conclusion that Teyssier Silva is ineligible for withholding of removal is supported by substantial evidence.

2. Substantial evidence also supports the BIA's denial of CAT protection. To be eligible for CAT protection, a petitioner must show that it is more likely than not he will face torture by or with the acquiescence of a public official if removed to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The record does not support government acquiescence. Teyssier Silva testified that he escaped the Sapos because of intervention by the Mexican police and that the police "were out to catch" the Sapos. Additionally, country conditions evidence

presented to the IJ shows only general conditions of crime and corruption; such generalized evidence does not support a finding of government consent or acquiescence. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (holding that generalized evidence of crime and police corruption did not establish the particularized, ongoing risk of future torture necessary for CAT relief).

Finally, substantial evidence supports the BIA's determination that Teyssier Silva could relocate within Mexico. If an applicant can avoid torture by safely relocating within his home country, this weighs against CAT relief. *See id.* at 704–05. Teyssier Silva testified that the Sapos operate exclusively within Puebla and Veracruz, but not in other Mexican states. Moreover, after escaping the Sapos, Teyssier Silva spent a month in Tijuana without incident and only left Tijuana because he wanted to be with his family, not because of a threat to his safety.

The BIA's conclusions are thus supported by substantial evidence. The petition for review is **DENIED.**[1]

---

[1]     The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal is otherwise denied as moot.